UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONNA K. HURST, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:20-cv-00455-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Kilolo Kijakazi, Acting Commissioner* | ) |
| *of the Social Security Administration*,[1] | ) |
| | ) |
|    Defendant. | ) |

## OPINION AND ORDER

On July 11, 2022, the Court entered an Opinion and Order remanding the appeal of Plaintiff Donna K. Hurst's denial of disability benefits to the Social Security Administration for further proceedings. (ECF 34). Now before the Court is Plaintiff's motion to recover attorney fees in the amount of $6,555 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with supporting documentation. (ECF 37 to ECF 37-7). Defendant Commissioner of Social Security ("Commissioner") filed a response on October 10, 2022, indicating that she does not oppose the requested EAJA award, but does object to the seventy-day time constraint for payment of the fees included in Plaintiff's proposed order, arguing that there is no basis for this time restriction. (ECF 39). Plaintiff did not file a reply brief, and her time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(2)(B). Therefore, the motion is ripe for ruling.

For the following reasons, Plaintiff's motion for EAJA fees will be GRANTED in the aggregate amount of $6,555, but her demand in the proposed order that the Commissioner pay

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, *see, e.g.*, *Butler v. Kijakazi*, 4 F.4th 498 (7th Cir. 2021), and thus, she is automatically substituted for Andrew Saul in this case, *see* Fed. R. Civ. P. 25(d).

the fee award within seventy days will be DENIED.

### A. Discussion

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not raise a substantial justification argument in response to Plaintiff's fee request and agrees that an award of $6,555 is appropriate for Plaintiff. Rather, the Commissioner challenges Plaintiff's proposed order imposing a deadline of seventy days on payment of the EAJA fees owed to her. (ECF 39). The Commissioner argues that this "additional layer of obligation that Plaintiff seeks to impose" neither rests on the language of § 2412 nor is "warranted." (ECF 39 at 2-3). The Court agrees.

When ordering payment of EAJA fees, there is "no basis for adding a layer of administrative duties for the Commissioner to perform." *Lasseter v. Kijakazi*, No. 4:21-cv-00024-DML-TWP, 2021 WL 6537236, at *1 (S.D. Ind. Dec. 13, 2021). A time constraint on the payment of fees is "not grounded in a statutory requirement." *Id.*; *see also Hargrove v. Berryhill*, No. 1:16-cv-1922-TWP-MJD, 2018 WL 11376057, at *1 (S.D. Ind. Apr. 3, 2018) (imposition of time limitations on EAJA fees payment was inconsistent with the court's precedent). Further, courts will not impose time limitations on fee payments when plaintiffs do not provide evidence that the government "unreasonably delays in determining whether offset is appropriate and in directing payment if it is not." *Walter R. K. v. Kijakazi*, No. 1:20-cv-02804-MG-RLY, 2022 WL 2986699, at *2 (S.D. Ind. July 28, 2022); *Lasseter*, 2021 WL 6537236, at *1; *see also Miller v.*

*Comm'r of Soc. Sec.*, No. 1:16-cv-00122-SLC, 2018 WL 5668934, at *4 (N.D. Ind. Nov. 1, 2018) (request "that the EAJA award be paid by the Commissioner within 70 days" is an "arbitrary deadline."). Instead, this Court has previously held that it "expects the Commissioner's counsel to act with reasonable diligence in verifying whether [Plaintiff] has any debt subject to offset and in directing any remaining payment to [her]. If these tasks can reasonably be accomplished within 70 days, then the Commissioner's counsel should do so." *Miller*, 2018 WL 5668934, at *4.

Plaintiff, despite making a demand for payment of EAJA fees within seventy days in her proposed order, has not included in her brief any justification for imposing such a time restriction on the government. She has not indicated that the government "unreasonably delays in determining whether offset is appropriate and in directing payment if it is not," nor has she argued that such demand is grounded in the law. *See Lasseter*, 2021 WL 6537236, at *1. Without more, the Court refuses to impose an arbitrary time-limit within which the government is obliged to award EAJA fees. The Court expects the Commissioner's counsel to act with reasonable diligence in verifying whether Plaintiff has any debt subject to offset and in directing any remaining payment to her.

## B.  Conclusion

For the foregoing reasons, Plaintiff's motion for attorney fees under the EAJA (ECF 37) is GRANTED in the amount of $6,555. The Commissioner is ORDERED to pay an EAJA fee award of $6,555 to Plaintiff in full satisfaction and settlement of any and all claims for fees, costs, or expenses under the EAJA that she may have in this matter. Any fees paid belong to Plaintiff Donna K. Hurst and not her attorney and may be offset to satisfy any pre-existing debt

that Plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If counsel for the Commissioner can verify that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall DIRECT that the award be made payable to Plaintiff's counsel in accordance with the fee agreement executed by Plaintiff and her counsel on November 2, 2020. (ECF 37-7).

    SO ORDERED.

    Entered this 28th day of October 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge